IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**BENJAMIN PITTS**                                                                                  **PLAINTIFF**

v.                                         Case No. 4:20-cv-00849-KGB

**DEXTER L. PAYNE**, *et al.*                                                **DEFENDANTS**

## ORDER

Before the Court is the recommended disposition ("Recommendation") submitted by United States Magistrate Judge Edie R. Ervin (Dkt. No. 88). Judge Ervin recommends that the Court deny *pro se* plaintiff Benjamin Pitts's request to enforce the settlement agreement and reopen this case (*Id.*, at 14). Also before the Court is *pro se* plaintiff Benjamin Pitts's motion to produce (Dkt. No. 89). For the following reasons, the Court adopts the Recommendation in its entirety as this Court's findings in all respects (Dkt. No. 88) and denies the motion to produce (Dkt. No. 89).

      **I.**       **Recommendation**

Mr. Pitts filed objections to the Recommendation (Dkt. No. 90). In his objections, Mr. Pitts advances the following arguments: (1) Mr. Pitts was never allowed to leave his cell in violation of the Arkansas Division of Correction's ("ADC") Step-Down Policy and the inmate disciplinary manual (*Id.*, at 2, 6); (2) defendants violated the settlement agreement by finding him guilty of a disciplinary violation because of the length of his hair (*Id.*, at 4–5); (3) contrary to Judge Ervin's findings, he is unaware of any evidence that a religious accommodation for his dreadlocks was added to his chaplaincy file (*Id.*, at 5); (4) he signed the settlement agreement under duress (*Id.*, at 7); and (5) defendants may have pre-planned to retaliate against Mr. Pitts for the settlement agreement (*Id.*).

Upon a *de novo* review of the record, the Court determines that these arguments break no new legal ground. As elaborated in the Recommendation, record evidence indicates that Mr. Pitts was indeed placed in the Step-Down Program pursuant to the settlement agreement (Dkt. No. 88, at 11–12). As Judge Ervin points out, to the extent that Mr. Pitts alleges that he was treated differently than other inmates in the Step-Down program, this issue is beyond the limited scope of the Court's jurisdiction in this case to enforce the settlement agreement, which provides only that Mr. Pitts will be placed in a step-down program and that "should Plaintiff complete the step-down program and obtain 'Class I' status, he will be released into general population" (Dkt. Nos. 57-1, at 2; 88, at 11–12).

With respect to Mr. Pitts's second argument that he was found guilty of a disciplinary violation because of the length of his dreadlocks, Mr. Pitts has cited to no record evidence to this effect. As Judge Ervin notes, the only disciplinary in the record related to Mr. Pitts's hair was for wearing his hair in a ponytail, not for dreadlocks (Dkt. Nos. 82, at 10; 88, at 9).

With respect to Mr. Pitts's third argument, the record evidence is clear that Mr. Pitts's settlement agreement was added to his chaplaincy file (Dkt. No. 75, at 70). This evidence is specifically cited by Judge Ervin in the Recommendation (*see* Dkt. No. 88, at 9). Indeed, Mr. Pitts himself specifically cites this evidence in his objections, although he states it "is not a accommodation it's the agreement I sign with this Court" (Dkt. No. 90, at 4). Docket Number 75, at page 70, which is a memorandum from the chaplain's office to Mr. Pitts dated Monday, September 11, 2023, states specifically that: "This memo is to advise you that your agreement regarding the matter of Pitts v. Payne, 4:20-CV-849 is located in your chaplaincy file in my office."

As to Mr. Pitts's fourth argument, the Court notes that Mr. Pitts made no argument that the settlement agreement was coerced or otherwise signed under duress prior to filing his objections

2

to the Recommendation. He now claims he was under duress in signing the settlement agreement because he was in solitary confinement (Dkt. No. 90, at 7). This argument on its face falls far short of the requirements for voiding a contract based on duress under Arkansas law, pursuant to which Mr. Pitts must show: (1) that Mr. Pitts involuntarily accepted the terms of the opposing party; (2) that the circumstances permitted no other alternative; and (3) that the circumstances resulted from coercive acts by the opposing party. *Jade Prop. Holdings, LLC v. First Serv. Bank*, 699 S.W.3d 136, 142 (Ark. Ct. App. 2024) (quoting *Levitt v. Today's Bank*, 653 S.W.3d 501, 507 (Ark. Ct. App. 2022)); *see also Transclean Corp. v. Motorvac Techs., Inc.*, Case No. 0:01-cv-00287-JRT-FLN, 2002 WL 31185886, at *4 (D. Minn. Sept. 30, 2002), *dismissed*, 71 F. App'x 842 (Fed. Cir. 2003) (noting that state law applies to settlement agreements). Mr. Pitts has not pointed to any evidence showing that he was placed in solitary confinement for purposes of pressuring him into the settlement agreement or that Mr. Pitts had no alternative other than to sign the agreement.

Finally, as to Mr. Pitts's fifth argument, Mr. Pitts points to no evidence suggesting that defendants pre-planned to retaliate against him for the lawsuit or settlement agreement. To the extent Mr. Pitts may have suffered retaliation as a consequence of the settlement agreement, that issue is, as Judge Ervin notes, beyond the limited scope of the Court's ancillary jurisdiction in this case to enforce the settlement agreement (Dkt. No. 88, at 113). Moreover, as the Recommendation explains, the record evidence before the Court indicates that defendants have complied with the letter of the settlement agreement (*Id.*, at 8–12).

For these reasons, the Court adopts the Recommendation in its entirety as this Court's findings in all respects (Dkt. No. 88). The Court denies Mr. Pitts's request to enforce the written settlement agreement and reopen this case.

**II.     Motion To Produce**

The Court now turns to Mr. Pitts's motion to produce (Dkt. No. 89). As in his objections to the Recommendation, Mr. Pitts claims that he has not seen any documentation that his religious accommodation was added to his chaplaincy file (*Id.*). Mr. Pitts therefore requests that the Court "produce the document seen that was [proof] of a religious accommodation placed in Plaintiff Chaplaincy file" (*Id.*). However, as noted by the Court in its analysis of Mr. Pitts's objections to the Recommendation, the relevant evidence can be found in Docket Number 75, which Mr. Pitts himself cites in his objections to the Recommendation (*see* Dkt. No. 90, at 4).

For these reasons, the Court denies the motion to produce (Dkt. No. 89). Should Mr. Pitts seek any specific documents, he may submit a written motion to the Court and state with particularity the docket entries for which he requests copies.

**III.    Conclusion**

For the foregoing reasons, the Court:

(1)    adopts the Recommendation in its entirety as this Court's findings in all respects (Dkt. No. 88);

(2)    denies Mr. Pitts's request to enforce the written settlement agreement and reopen this case; and

(3)    denies the motion to produce (Dkt. No. 89).

It is so ordered this 2nd day of June, 2025.

*Kristine G. Baker*
Kristine G. Baker
Chief United States District Judge